UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 2:21-CR-73-PPS-AZ |
| ) | |
| MARCUS WISE, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Defendant, Marcus Wise, has moved to dismiss the entire proceeding to revoke his supervised release, arguing since he faces a felony term of imprisonment, he should be accorded the right to a jury trial, proof beyond a reasonable doubt, the right to confront witnesses, and the right against double jeopardy. [DE 79.] Historically speaking, of course, none of these protections are given to an offender who is under supervision and facing revocation. Wise's arguments raise some basic issues of fairness in the administration of the supervised release system. But unfortunately for him the arguments have been flatly rejected by both the Supreme Court and the Seventh Circuit. Because I am bound by that authority, the motion to dismiss must be denied.

**Background**

Back in August 2020, Wise's vehicle was stopped for failing to yield to other traffic in East Chicago. [PSR, DE 43, at 4.] A lawful search of his car led to the recovery of a loaded Taurus Spectrum .380 caliber firearm that was in the center console. *Id.* At the time, Wise had a prior felony burglary conviction. [*Id.* at 7.] A charge of felon in

possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), ensued. [DE 1 at 1.] Wise eventually pleaded guilty, and was later sentenced to 21 months incarceration to be followed by two years of supervised release. [DE 27, 32, 48.] Some of the terms of supervision included that Wise not commit another crime, not leave the federal judicial district without permission from the court or probation officer, and that he notify the probation officer at least 10 days prior to any change in residence. Wise's attorney affirmed that he had reviewed the supervised release conditions with his client, and he did not state any objections. [DE 58 at 15-16.]

Wise began serving his term of supervised release on March 17, 2023. [DE 77 at 1.] In July 2024, an Amended Petition for Warrant was filed based on Wise committing Grade B violations, involving Wise stealing a firearm in May 2023, intimidating a female in June 2023, and being a felon in possession of a firearm in Illinois in August 2023. *Id.* Additional Grade C Violations consisted of Wise leaving the Northern District of Indiana without permission from the court or probation (as evident from his arrest in Illinois); not reporting to his probation officer; and changing his residence without notifying his probation officer. [*Id.* at 2-3.] Because Wise's original offense was a Class C felony, Wise may now be sentenced to a maximum term of imprisonment of up to 2 years; however, Probation has recommended Wise's supervision be revoked and he be sentenced to a term of 12 motions incarceration. [*Id.* at 3-4.]

## Discussion

Wise contends "[t]he drafters of the Constitution did not want to make it easy for

2

the government to imprison American Citizens" and yet "the imposition of prison sentences for supervised release violations provides an expedient way to reincarcerate persons for even minor conduct, regardless of whether that conduct violates the criminal laws of the United States." [DE 79 at 3 (citing DE 79 at 7-18, "Closing the Back Door to Federal Prison," by Stefan R. Underhill).]

Wise filed the instant motion to dismiss, arguing his potential punishment for the violation of the terms of his supervised release violates his 5th and 6th Amendment constitutional rights. [DE 79.] But he has cited to no case in the country holding that a petitioner is entitled to a jury trial or double jeopardy protection for supervised release violation sentences.

Our system is designed to *not* require a jury trial to revoke supervised release. The relevant statute provides "[t]he court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment." 18 U.S.C. § 3583(a). Additionally, a court may revoke a term of supervised release and require a defendant to serve a term of imprisonment "if the court . . . finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3).

The right to a speedy trial, protected by the Sixth Amendment, does not apply to revocation proceedings:

> In all *criminal prosecutions*, the *accused* shall enjoy the right to a
> speedy and public trial, by an impartial jury of the State and district

3

> wherein the crime shall have been committed . . . and to be informed of the nature and cause of the accusation; to be confronted with witnesses against him; to have compulsory process for obtaining witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense.

U.S. Const. Amend. VI (emphasis added). If there was ever any doubt as to what constitutes "all criminal prosecutions," the Supreme Court has qualified that parole revocation hearings and supervised release revocation hearings do *not* require the procedural protections of a criminal trial. *See United Morrissey v. Brewer*, 408 U.S. 471, 480 (1972), *Johnson v. United States*, 529 U.S. 694, 700 (2000). Although the Court in *Johnson* conceded that supervised release revocation hearings often lead to reimprisonment, it specifically found that "the violative conduct need not be criminal and need only be found by a judge under a preponderance of the evidence standard, not by a jury beyond a reasonable doubt." *Johnson*, 529 U.S. at 700.

The Seventh Circuit has similarly repeatedly held that revocation proceedings are not a "criminal prosecution," so the Sixth Amendment rights don't apply to those proceedings. *See, e.g., United States v. Kelly*, 446 F.3d 688, 690-92 (7th Cir. 2006) (declining the invitation to apply the Sixth Amendment to revocation hearings, concluding supervised release revocation hearings are not criminal prosecutions for purposes of the Sixth Amendment); *United States v. Boultinghouse*, 784 F.3d 1163, 1171 (7th Cir. 2015) (finding a revocation proceeding "focuses on the modification of a sentence already imposed and implicates conditional (rather than absolute) liberty" so it "is not considered to be a stage of criminal prosecution"); *United States v. Colt*, 126 F.3d

4

981, 986 (7th Cir. 1997) (stating defendant "was sentenced only once, and the revocation of [the] supervised release is but a modification of that sentence"); *United States v. McIntosh*, 630 F.3d 699, 703 (7th Cir. 2011) (explaining a violation of supervised release "is not a separate fact creating an additional penalty on top of a defendant's original sentence" that would require submission to a jury).

Just this past summer the Seventh Circuit revisited this question, recognized that arguments like the defendant's in that case (and Wise's) "collide[s] with thirty years of contrary precedent" and in a lengthy and well reasoned opinion, reiterated that the Sixth Amendment does not compel the district court to empanel a jury to determine whether a defendant committed alleged violations of supervised release. *United States v. Carpenter*, 104 F.4th 655, 657 (7th Cir. 2024). As a district court judge, I am bound to follow this clear precedent from both the United States Supreme Court and Seventh Circuit which unmistakably establishes that revocation proceedings do not require a jury trial under the Sixth Amendment.

In turning to Wise's argument about the Double Jeopardy Clause of the Fifth Amendment, he contends that the additional punishment for a crime (after he has already completed his original sentence) violates the Double Jeopardy Clause. [DE 79 at 5.] Again, there is Supreme Court and Seventh Circuit precedent right on point. The Supreme Court "attribute[s] postrevocation penalties to the original conviction." *Johnson*, 529 U.S. at 701. And in *United States v. Wyatt*, 102 F.3d 241, 245 (7th Cir. 1996), the Seventh Circuit reasoned that "it is critical to bear in mind that supervised release is a part of the defendant's original sentence . . . and it is the original sentence that is

5

executed when the defendant is returned to prison after a violation of the terms of his release." "Thus, the proper understanding of a revocation of supervised release is simply that by engaging in prohibited conduct (criminal or not) during the term of supervised release, a defendant triggers a condition that permits modification of the terms of his original sentence." *Id.* The *Wyatt* Court went on to conclude that "[b]ecause revocation of supervised release amounts only to a modification of the terms of the defendant's original sentence, and does not constitute punishment for the revocation-triggering offense, the Double Jeopardy Clause is not violated by a subsequent prosecution for that offense." *Id.*; *see also United States v. Villasenor*, 256 F. App'x 842 (7th Cir. 2007) (rejecting Double Jeopardy violation argument, reasoning that "supervised release is part of a defendant's original sentence" and a "revocation of supervised release only modifies the terms of the original sentence; it is not punishment for the conduct that triggered the revocation."). It is therefore clear that binding precedent also establishes that revocation of Wise's supervised release does not constitute a second prosecution or punishment, and therefore does not violate the Double Jeopardy Clause.

## Conclusion

For all of these reasons, Wise's motion to dismiss [DE 79] is DENIED.

ENTERED: October 28, 2024.

/s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
